JAMES H. PLATO v. JOHN J. EGAN, ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 75013

Memorandum filed March 2, 1951.

*John M. Chapnick,* of New Haven, for the Plaintiff.

*George C. Conway,* Attorney General, *Harry Silverstone,* Assistant Attorney General, of Hartford, and *James F. Rosen,* of New Haven, for the Defendant.

KING, J. This is an appeal from an assessment of contributions levied against the plaintiff-appellant under the Unemployment Compensation Act.

The court commends counsel for their skill, ability and co-operation in simplifying and expediting the trial of this appeal.

It was agreed that the sole determinative question was whether the appellant had three or four employees during the first thirteen weeks of 1948; and that this in turn depended solely upon whether one Theodore Besser was, or was not, during said period, an employee of the plaintiff within the meaning of General Statutes, § 7495 (a) (1).

Besser is a man now seventy-seven years old who had been for some thirty-five years a salesman at Hadley's retail furniture store in New Haven. Around 1941 he took a position as an assistant chief inspector in the bullet department of Winchester's. In February, 1944, he suffered a heart attack which kept him confined to his home for about four years. After that he began to leave his home premises and go downtown two or three times a week on pleasant days when he felt well enough.

The plaintiff operated a garage and used-car lot at 506 Orchard Street and had been a friend of Besser for about twenty-five years. The principal business was selling used cars. After he began to go downtown Besser frequented the plaintiff's place of business and also a barber shop situated nearby. On the two or three days a week when he came to the plaintiff's premises at all he would usually arrive around 10 o'clock in the forenoon. However, he came and went as he pleased, was given no orders by the plaintiff or anyone else, submitted

to no control, no control was attempted to be exerted over him by anyone and the duration of his visits was irregular.

The only compensation Besser ever received from the plaintiff was $10 or $12 given him in 1946 or 1947 for a notary public's commission and $10 given him for each of two days during July or August of 1948 when the plaintiff went fishing and Besser remained in the establishment all day.

Besser appreciated having a place where he could spend some time, ·manifested this feeling by answering the telephone when other employees were not at hand and occasionally checked purchase slips against a vendee's monthly statement. He had no control over the books, did not keep them, apparently made no entries in them, and did nothing more than any lonely old person would do for a friend who had given him a place to which to go. His physical condition was not such that there was any reasonable ground for believing that he would be hired by the plaintiff or that he could perform duties much beyond the little courtesies which he admitted he rendered. He had had no experience in bookkeeping, although he had notarized and made out conditional bills of sale while working at Hadley's, and whenever he happened to be at the plaintiff's premises he notarized conditional bills of sale for the plaintiff without charge if occasion arose.

The plaintiff took care of his own books and during the period in question employed only a salesman (one Brainard), a mechanic (Merritt Barnes) and a car washer and polisher (one McLean).

Under § 7495 (a) (1), " 'Employment' . . . shall mean any service . . . performed under any express or implied contract of hire creating the relationship of employer and employee."

There was *no express contract of hiring.*

Under the circumstances previously referred to Besser would have no claim against the plaintiff for services rendered under any theory of quantum meruit or otherwise. He intended them to be gratuitous and such they were. The plaintiff, of course, had no thought of paying for them. There was therefore no implied contract.

It follows that the plaintiff has affirmatively proven that he had but three employees during the period in question.

This in turn requires that judgment enter sustaining the appeal and vacating the assessment, and such a judgment may enter.